IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| TRINITI NELSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-01186 |
| | ) | |
| PJ LUXURY LINER, LLC, SAMUEL | ) | |
| PARKS, JR., JAMEEL ABDULLATEEF, | ) | |
| NATIONAL RAILROAD PASSENGER | ) | |
| CORPORATION, d/b/a AMTRAK, | ) | |
| | ) | |
| Defendants. | ) | |

## PJ LUXURY LINER, LLC, SAMUEL PARKS, JR. AND JAMEEL ABDULLATEEF'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AT LAW, AFFIRMATIVE DEFENSES, AND CROSS CLAIMS FOR CONTRIBUTION

NOW COME the Defendants, PJ LUXURY LINER, LLC, SAMUEL PARKS, JR. and JAMEEL ABDULLATEEF, by and through their attorneys Matthew Hefflefinger of The Chartwell Law Offices, LLP, and for their Answer to Plaintiff's First Amended Complaint at Law, states:

## COMMON ALLEGATIONS

1.      On March 31, 2023, I-57 was a north–south Interstate Highway in Champaign County in Ludlow Township, State of Illinois.

**ANSWER:**      **Defendants admit the allegations of Paragraph 1.**

2.      On and prior to March 31, 2023, and at all times material, PJ LUXURY LINER, LLC was an Illinois limited liability company, with its principal place of business located at 15429 Ellis Avenue, in the Village of Dolton, County of Cook, State of Illinois.

**ANSWER:**      **Defendants admit the allegations of Paragraph 2.**

3.      On and prior to March 31, 2023, SAMUEL PARKS, JR. was a resident of the Village of Dolton, County of Cook, State of Illinois.

**ANSWER:**      **Defendants admit the allegations of Paragraph 3.**

4.      On and prior to March 31, 2023, JAMEEL ABDULLATEEF was a resident of the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**      **Defendants admit the allegations of Paragraph 4.**

5.      On and prior to March 31, 2023, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK (hereinafter referred to as "AMTRAK") was a District of Columbia company, authorized to do business in the County of Cook, State of Illinois.

**ANSWER:**      **Defendants admit the allegation of Paragraph 5, on information and belief only, based on Amtrak's Answer to Plaintiff's Complaint.**

6.      On and prior to March 31, 2023, and at all times material, QUINTESSENCE TRAVELS LLC was an Illinois limited liability company, with its principal place of business located at 17129 Dopson Avenue, in the Village of South Holland, County of Cook, State of Illinois.

**ANSWER:**      **Defendants admit that Defendant, Quintessence Travels, LLC has held itself out as an Illinois Limited Liability Company with a business address of 171296 Dobson Avenue, South Holland, Illinois but lacks sufficient information to either admit or deny the remaining allegations of Paragraph 6.**

7.      On or about March 31, 2023, QUINTESSENCE TRAVELS LLC was a bus service providing travel services to the public for profit.

**ANSWER:**      **Defendants admit the allegations of Paragraph 7.**

8.      On or about March 31, 2023, QUINTESSENCE TRAVELS LLC was a common carrier engaged in the business of transporting passengers within the State of Illinois.

**ANSWER:**      **Defendants admit the allegations of Paragraph 8.**

9.      On or about March 31, 2023, QUINTESSENCE TRAVELS LLC had a statutory and common law duty to inspect, service, maintain, repair, and operate its vehicles so that no harm came to its passengers.

**ANSWER:** **Defendants admit that Defendant Quintessence owed those duties imposed by law but denies any allegations of Paragraph 9 that are inconsistent with those imposed by law.**

10. On or about March 31, 2023, PJ LUXURY LINER, LLC was a bus service providing travel services to the public for profit.

**ANSWER:** **Defendants admit the allegations of Paragraph 10.**

11. On or about March 31, 2023, PJ LUXURY LINER, LLC was a common carrier engaged in the business of transporting passengers within the State of Illinois.

**ANSWER:** **Defendants admit the allegations of Paragraph 11.**

12. On or about March 31, 2023, PJ LUXURY LINER, LLC had a statutory and common law duty to inspect, service, maintain, repair, and operate its vehicles so that no harm came to its passengers.

**ANSWER:** **Defendants admit that Defendant PJ Luxury owed those duties imposed by law but denies any allegations of Paragraph 12 that are inconsistent with those imposed by law.**

13. On or about March 31, 2023, PJ LUXURY LINER, LLC owned, leased, managed, maintained, operated and/or controlled a 2015 Van Hool 56-passenger Charter Bus with VIN YE2XC22B2F3048550.

**ANSWER:** **Defendants admit the allegations of Paragraph 13.**

14. On or about March 31, 2023, SAMUEL PARKS, JR. owned, leased, managed, maintained, operated and/or controlled a 2015 Van Hool 56-passenger Charter Bus with VIN YE2XC22B2F3048550.

**ANSWER:** **Defendants admit the allegations of Paragraph 14.**

15. On or about March 31, 2023, and at all times material, JAMEEL ABDULLATEEF was an agent and/or employee of PJ LUXURY LINER, LLC.

**ANSWER:** **Defendants admits that Defendant Abdullateef was a statutory employee of Defendant PJ Luxury pursuant to 49 CFR 390.5 but denies the remaining allegations of Paragraph 15.**

16.     On or about March 31, 2023, and at all times material, JAMEEL ABDULLATEEF was acting within the course of his agency and/or employment with Defendant PJ LUXURY LINER, LLC.

**ANSWER:** **Defendants admit the allegations of Paragraph 16.**

17.     On or about March 31, 2023, and at all times material, JAMEEL ABDULLATEEF was acting within the scope of his agency and/or employment with Defendant PJ LUXURY LINER, LLC.

**ANSWER:** **Defendants admit the allegations of Paragraph 17.**

18.     On and prior to March 31, 2023, and at all times material, AMTRAK was a for-profit corporation organized under the laws of the District of Columbia.

**ANSWER:** **Defendants admit the allegation of Paragraph 18, on information and belief only, based on Amtrak's Answer to Plaintiff's Complaint.**

19.     On and prior to March 31, 2023, and at all times material, AMTRAK operated intercity passenger rail services throughout the United States, including the State of Illinois.

**ANSWER:** **Defendants admit the allegation of Paragraph 19, on information and belief only, based on Amtrak's Answer to Plaintiff's Complaint.**

20.     On and prior to March 31, 2023, and at all times material, AMTRAK was a common carrier.

**ANSWER:** **Defendants admit the allegation of Paragraph 20, on information and belief only, based on Amtrak's Answer to Plaintiff's Complaint.**

21.     On or about March 31, 2023, AMTRAK had a statutory and common law duty to ensure that no harm came to its passengers.

**ANSWER:** **Defendants lack sufficient information to either admit or deny the allegations of Paragraph 21.**

22.     On or about March 31, 2023, Plaintiff TRINITI NELSON resided in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:** **Defendants lack sufficient information to either admit or deny the allegations of Paragraph 22.**

23.     On or about March 31, 2023, AMTRAK was scheduled to operate Train No. 392 on March 31, 2023 between Champaign-Urbana and Chicago.

**ANSWER:** **Defendants admit the allegation of Paragraph 23, on information and belief only, based on Amtrak's Answer to Plaintiff's Complaint.**

24.     On or about March 31, 2023, AMTRAK Train No. 392 was scheduled to depart the Champaign-Urbana Amtrak Station at 7:08 p.m. and was scheduled to arrive at Chicago Union Station at 9:45 p.m.

**ANSWER:** **Defendants admit the allegation of Paragraph 24, on information and belief only, based on Amtrak's Answer to Plaintiff's Complaint.**

25.     On or prior to March 31, 2023, Plaintiff TRINITI NELSON purchased a train ticket from AMTRAK.

**ANSWER:** **Defendants admit the allegation of Paragraph 25, on information and belief only, based on Amtrak's Answer to Plaintiff's Complaint.**

26.     On or about March 31, 2023, Plaintiff TRINITI NELSON had an AMTRAK eTicket reservation number 426567.

**ANSWER:** **Defendants admit the allegation of Paragraph 26, on information and belief only, based on Amtrak's Answer to Plaintiff's Complaint.**

27.     On or about March 31, 2023, Plaintiff TRINITI NELSON intended on traveling from Champaign-Urbana, Illinois to Union Station in Chicago, Illinois.

**ANSWER:** **Defendants lack sufficient information to either admit or deny the allegations of Paragraph 27.**

28.     On or about March 31, 2023, Plaintiff TRINITI NELSON was scheduled to travel from Champaign-Urbana on Amtrak Train No. 392.

**ANSWER:     Defendants lack sufficient information to either admit or deny the allegations of Paragraph 28.**

29.     On March 31, 2023, at approximately 2:37 pm, a tornado was spotted in Tazewell County, Illinois.

**ANSWER:     Defendants admit the allegation of Paragraph 29, on information and belief only, based on public weather reports.**

30.     On March 31, 2023, at approximately 5:27 pm, a tornado was spotted in Morgan County, Illinois.

**ANSWER:     Defendants admit the allegation of Paragraph 30, on information and belief only, based on public weather reports.**

31.     On March 31, 2023, at approximately 6:12-6:20 p.m., a tornado was spotted in Sangamon County with estimated peak winds of 130 miles per hour.

**ANSWER:     Defendants admit the allegation of Paragraph 31, on information and belief only, based on public weather reports.**

32.     On March 31, 2023, at approximately 6:18 – 6:46 p.m., a tornado was spotted in Sangamon County, Illinois and Logan County, Illinois, with estimated peak winds of 130 miles per hour.

**ANSWER:     Defendants admit the allegation of Paragraph 32, on information and belief only, based on public weather reports.**

33.     On March 31, 2023, at approximately 7:00 – 7:06 p.m., a tornado was spotted in Christian County, Illinois.

**ANSWER:     Defendants admit the allegation of Paragraph 33, on information and belief only, based on public weather reports.**

34.     On March 31, 2023, at approximately 7:39-7:48 p.m., a tornado was spotted in Champaign County, Illinois with estimated peak winds of 110 miles per hour.

**ANSWER:** **Defendants admit the allegation of Paragraph 34, on information and belief only, based on public weather reports.**

35. The aforementioned tornadoes were traveling in a northeasterly direction.

**ANSWER:** **Defendants admit the allegation of Paragraph 35, on information and belief only, based on public weather reports.**

36. On or about March 31, 2023, and at all times material, AMTRAK was aware of the tornado sightings throughout the area of Champaign-Urbana and Central Illinois.

**ANSWER:** **Defendants lack sufficient information to either admit or deny the allegations of Paragraph 36.**

37. On or about March 31, 2023, and at all times material, AMTRAK had notice of the severe weather throughout the area of Champaign-Urbana and Central Illinois.

**ANSWER:** **Defendants lack sufficient information to either admit or deny the allegations of Paragraph 37.**

38. On or about March 31, 2023, and at all times material, QUINTESSENCE TRAVELS LLC was aware of the tornado sightings throughout the area of Champaign-Urbana and Central Illinois.

**ANSWER:** **Defendants lack sufficient information to either admit or deny the allegations of Paragraph 38.**

39. On or about March 31, 2023, and at all times material, QUINTESSENCE TRAVELS LLC had notice of the severe weather throughout the area of Champaign-Urbana and Central Illinois.

**ANSWER:** **Defendants lack sufficient information to either admit or deny the allegations of Paragraph 39.**

40. On or about March 31, 2023, and at all times material, PJ LUXURY LINER, LLC was aware of the tornado sightings throughout the area of Champaign-Urbana and Central Illinois.

**ANSWER:** **Defendants deny the allegations of Paragraph 40.**

41.    On or about March 31, 2023, and at all times material, PJ LUXURY LINER, LLC had notice of the severe weather throughout the area of Champaign-Urbana and Central Illinois.

**ANSWER:**    **Defendants deny the allegations of Paragraph 41.**

42.    On or about March 31, 2023, and at all times material, SAMUEL PARKS, JR. was aware of the tornado sightings throughout the area of Champaign-Urbana and Central Illinois.

**ANSWER:**    **Defendants deny the allegations of Paragraph 42.**

43.    On or about March 31, 2023, and at all times material, SAMUEL PARKS, JR. had notice of the severe weather throughout the area of Champaign-Urbana and Central Illinois.

**ANSWER:**    **Defendants deny the allegations of Paragraph 43.**

44.    On or about March 31, 2023, and at all times material, JAMEEL ABDULLATEEF was aware of the tornado sightings throughout the area of Champaign-Urbana and Central Illinois.

**ANSWER:**    **Defendants deny the allegations of Paragraph 44.**

45.    On or about March 31, 2023, and at all times material, JAMEEL ABDULLATEEF had notice of the severe weather throughout the area of Champaign-Urbana and Central Illinois.

**ANSWER:**    **Defendants deny the allegations of Paragraph 45.**

46.    On or about March 31, 2023, Plaintiff TRINITI NELSON was advised by AMTRAK that Train No. 392 travelling from Champaign-Urbana, Illinois to Chicago, Illinois was cancelled due to mechanical issues.

**ANSWER:**    **Defendants admit the allegation of Paragraph 46, on information and belief only, based on Amtrak's Answer to Plaintiff's Complaint.**

47.    On or about March 31, 2023, Plaintiff TRINITI NELSON was advised by AMTRAK that they would arrange alternative transportation for her and similarly situated passengers.

**ANSWER:** **Defendants admit the allegation of Paragraph 47, on information and belief only, based on Amtrak's Answer to Plaintiff's Complaint.**

48.     On or about March 31, 2023, AMTRAK arranged for multiple charter buses to provide transportation for its passengers ticketed to travel on Train No. 392.

**ANSWER:** **Defendants admit the allegation of Paragraph 48, on information and belief only, based on Amtrak's Answer to Plaintiff's Complaint.**

49.     On or about March 31, 2023, AMTRAK arranged for QUINTESSENCE TRAVELS LLC to transport AMTRAK passengers from Champaign-Urbana, Illinois to Chicago, Illinois.

**ANSWER:** **Defendants admit the allegations of Paragraph 49.**

50.     On or about March 31, 2023, and at all times material, QUINTESSENCE TRAVELS LLC was an agent and/or employee of AMTRAK.

**ANSWER:** **Defendants lack sufficient information to either admit or deny the allegations of Paragraph 50.**

51.     On or about March 31, 2023, and at all times material, QUINTESSENCE TRAVELS LLC was acting within the course of its agency and/or employment with Defendant AMTRAK.

**ANSWER:** **Defendants lack sufficient information to either admit or deny the allegations of Paragraph 51.**

52.     On or about March 31, 2023, and at all times material, QUINTESSENCE TRAVELS LLC was acting within the scope of its agency and/or employment with Defendant AMTRAK.

**ANSWER:** **Defendants lack sufficient information to either admit or deny the allegations of Paragraph 52.**

53.     On or about March 31, 2023, QUINTESSENCE TRAVELS LLC arranged for PJ LUXURY LINER, LLC to transport AMTRAK passengers from Champaign-Urbana, Illinois to Chicago, Illinois.

**ANSWER:     Defendants admit the allegations of Paragraph 53.**

54.     On or about March 31, 2023, and at all times material, PJ LUXURY LINER, LLC was an agent and/or employee of QUINTESSENCE TRAVELS LLC.

**ANSWER:     Defendants admit the allegations of Paragraph 54.**

55.     On or about March 31, 2023, and at all times material, PJ LUXURY LINER, LLC was acting within the course of its agency and/or employment with Defendant QUINTESSENCE TRAVELS LLC.

**ANSWER:     Defendants admit the allegations of Paragraph 55.**

56.     On or about March 31, 2023, and at all times material, PJ LUXURY LINER, LLC was acting within the scope of its agency and/or employment with Defendant QUINTESSENCE TRAVELS LLC.

**ANSWER:     Defendants admit the allegations of Paragraph 56.**

57.     On or about March 31, 2023, and at all times material, SAMUEL PARKS, JR. was an agent and/or employee of QUINTESSENCE TRAVELS LLC.

**ANSWER:     Defendants admit the allegations of Paragraph 57.**

58.     On or about March 31, 2023, and at all times material, SAMUEL PARKS, JR. was acting within the course of his agency and/or employment with Defendant QUINTESSENCE TRAVELS LLC.

**ANSWER:     Defendants admit the allegations of Paragraph 58.**

59.     On or about March 31, 2023, and at all times material, SAMUEL PARKS, JR. was acting within the scope of his agency and/or employment with Defendant QUINTESSENCE TRAVELS LLC.

**ANSWER:     Defendants admit the allegations of Paragraph 59.**

60.     On or about March 31, 2023, JAMEEL ABDULLATEEF drove the aforementioned 2015 Van Hool Charter Bus (hereinafter referred to as "the Charter bus") as one of the transport buses arranged by QUINTESSENCE TRAVELS LLC.

**ANSWER:     Defendants admit the allegations of Paragraph 60.**

61.     On or about March 31, 2023, and at all times material, JAMEEL ABDULLATEEF was an agent and/or employee of QUINTESSENCE TRAVELS LLC.

**ANSWER:     Defendants admit the allegations of Paragraph 61.**

62.     On or about March 31, 2023, and at all times material, JAMEEL ABDULLATEEF was acting within the course of his agency and/or employment with Defendant QUINTESSENCE TRAVELS LLC.

**ANSWER:     Defendants admit the allegations of Paragraph 62.**

63.     On or about March 31, 2023, and at all times material, JAMEEL ABDULLATEEF was acting within the scope of his agency and/or employment with Defendant QUINTESSENCE TRAVELS LLC.

**ANSWER:     Defendants admit the allegations of Paragraph 63.**

64.     On or about March 31, 2023, AMTRAK and/or its agent or apparent agent arranged for PJ LUXURY LINER, LLC to transport AMTRAK passengers from Champaign-Urbana, Illinois to Chicago, Illinois.

**ANSWER:     Defendants admit that Amtrak arranged the transport of Amtrak passengers from Champaign-Urbana, Illinois to Chicago, Illinois but denies the remaining allegations of Paragraph 64.**

11

65.     On or about March 31, 2023, and at all times material, PJ LUXURY LINER, LLC and/or SAMUEL PARKS, JR. agreed to provide at least one motorcoach for the purpose of transporting passengers ticketed to travel on Amtrak Train Number 392.

**ANSWER:**     **Defendants admit the allegations of Paragraph 65.**

66.     On or about March 31, 2023, and at all times material, PJ LUXURY LINER, LLC was an agent and/or employee of AMTRAK.

**ANSWER:**     **Defendants admit the allegations of Paragraph 66.**

67.     On or about March 31, 2023, and at all times material, PJ LUXURY LINER, LLC was acting within the course of its agency and/or employment with Defendant AMTRAK.

**ANSWER:**     **Defendants admit the allegations of Paragraph 67.**

68.     On or about March 31, 2023, and at all times material, PJ LUXURY LINER, LLC was acting within the scope of its agency and/or employment with Defendant AMTRAK.

**ANSWER:**     **Defendants admit the allegations of Paragraph 68.**

69.     On or about March 31, 2023, and at all times material, SAMUEL PARKS, JR. was an agent and/or employee of AMTRAK.

**ANSWER:**     **Defendants admit the allegations of Paragraph 69.**

70.     On or about March 31, 2023, and at all times material, SAMUEL PARKS, JR. was acting within the course of his agency and/or employment with Defendant AMTRAK.

**ANSWER:**     **Defendants admit the allegations of Paragraph 70.**

71.     On or about March 31, 2023, and at all times material, SAMUEL PARKS, JR. was acting within the scope of his agency and/or employment with Defendant AMTRAK.

**ANSWER:**     **Defendants admit the allegations of Paragraph 71.**

72.     On or about March 31, 2023, JAMEEL ABDULLATEEF drove the aforementioned 2015 Van Hool Charter Bus (hereinafter referred to as "the Charter bus") as one of the transport buses arranged by AMTRAK.

**<u>ANSWER</u>:     Defendants admit the allegations of Paragraph 72.**

73.     On or about March 31, 2023, and at all times material, JAMEEL ABDULLATEEF was an agent and/or employee of AMTRAK.

**<u>ANSWER</u>:     Defendants admit the allegations of Paragraph 73.**

74.     On or about March 31, 2023, and at all times material, JAMEEL ABDULLATEEF was acting within the course of his agency and/or employment with Defendant AMTRAK.

**<u>ANSWER</u>:     Defendants admit the allegations of Paragraph 74.**

75.     On or about March 31, 2023, and at all times material, JAMEEL ABDULLATEEF was acting within the scope of his agency and/or employment with Defendant AMTRAK.

**<u>ANSWER</u>:     Defendants admit the allegations of Paragraph 75.**

76.     Sometime after 7:00 p,m, on March 31, 2023, the Charter Bus departed the Amtrak Champaign-Urbana station.

**<u>ANSWER</u>:     Defendants admit the allegations of Paragraph 76.**

77.     On or about March 31, 2023, JAMEEL ABDULLATEEF operated the Charter Bus northbound on I-57 from Champaign-Urbana, Illinois headed toward Chicago, Illinois.

**<u>ANSWER</u>:     Defendants admit the allegations of Paragraph 77.**

78.     On or about March 31, 2023, TRINITI NELSON was a passenger on the Charter Bus driven by JAMEEL ABDULLATEEF.

**<u>ANSWER</u>:     Defendants admit, on information and belief only, based on the Illinois Traffic Crash Report, that TRINITI NELSON was a passenger on the Charter Bus driven by Defendant Abdullateef but denies any remaining allegations of Paragraph 78.**

79.     On or about March 31, 2023, and at all times material, there was severe weather in Champaign County, Illinois which created adverse travel conditions on I-57 between Champaign-Urbana, Illinois and Chicago, Illinois.

**ANSWER:     Defendants deny the allegations of Paragraph 79.**

80.     On or about March 31, 2023, multiple vehicles traveling northbound on I-57, including other buses chartered by AMTRAK to transport the displaced passengers from cancelled Train No. 392, pulled over to the side of the highway and stopped traveling due to the severe weather.

**ANSWER:     Defendants admit that multiple vehicles travelling northbound on I-57, including the Charter Bus operated by Defendant Abdullateef pulled over to the side of the highway and stopped travelling but denies any remaining allegations of Paragraph 80.**

81.     On or about March 31, 2023, JAMEEL ABDULLATEEF was aware of the severe weather northbound on I-57.

**ANSWER:     Defendants deny the allegations of Paragraph 81.**

82.     On or about March 31, 2023, JAMEEL ABDULLATEEF was aware that other charter buses had pulled off of I-57 further south to avoid the inclement weather on I-57.

**ANSWER:     Defendants deny the allegations of Paragraph 82.**

83.     On or about March 31, 2023, and at all times material, JAMEEL ABDULLATEEF continued driving the Charter Bus northbound on I-57 through the inclement weather after seeing other charter buses pulled over to the side of the road on I-57.

**ANSWER:     Defendants deny the allegations of Paragraph 83.**

84.     On or about March 31, 2023, the Charter Bus being operated by JAMEEL ABDULLATEEF eventually pulled to the side of the highway due to the inclement weather.

**ANSWER:     Defendants admit that Defendant Abdullateef pulled the Charter Bus to the side of the highway but denies the remaining allegations.**

14

85.    On or about March 31, 2023, at approximately 7:45 p.m., the tornado that was spotted in Champaign County beginning at 7:39 p.m., referenced above in paragraph number 30, knocked the Charter Bus onto its side.

**ANSWER:**    **Defendants admits that a tornado overturned the Charter Bus onto its side but denies any remaining allegations of Paragraph 85.**

## COUNT I - PJ LUXURY LINER, LLC

1-85.    Plaintiff restates and reincorporates by reference paragraphs 1-85 of Common Allegations as if fully set forth herein as paragraphs 1 through 85 of Count I.

**ANSWER:**    **Defendant PJ Luxury restates and reincorporates by reference its answers to Paragraphs 1-85 of Common Allegations as if fully set forth herein.**

86.    On March 31, 2023, and at all times relevant, PJ LUXURY LINER, LLC owed TRINITI NELSON the highest duty of care as a common carrier.

**ANSWER:**    **Defendant PJ Luxury admits only that PJ Luxury owed those duties imposed by law and denies any remaining inconsistent allegations of Paragraph 86.**

87.    On March 31, 2023, and at all times relevant, Defendant, PJ LUXURY LINER, LLC individually and/or by and through its agents and/or employees, including SAMUEL PARKS, JR. and JAMEEL ABDULLATEEF, and/or as an agent and/or employee of NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, and/or as an agent and/or employee of QUINTESSENCE TRAVELS LLC, and each of them, was then and there negligent in one or more of the following respects:

a.    Carelessly operating the Charter Bus in a manner that caused TRINITI NELSON to be injured; or

b.    Failing to properly train and supervise JAMEEL ABDULLATEEF in the safe operation of a Charter Bus; or

c.    Failing to maintain reasonable control over the Charter Bus; or

d.    Failing to stop the Charter Bus prior to encountering the severe weather; or

e.   Failing to warn the Charter Bus driver, JAMEEL ABDULLATEEF about the severe weather; or

f.   Driving the Charter Bus into an area where there was an active tornado; or

g.   Failing to pull over the Charter Bus in an area of safety as required by human care, skill and foresight; or

h.   Knew or should have known that the geographical area had inclement weather and tornadoes for several hours that day; or

i.   Knew or should have known of the extreme danger the bus passengers were being put in by continuing to travel into the path of the storms; or

j.   Failing to monitor the weather conditions; or

k.   Failing to monitor the weather conditions when it knew or should have known that more dangerous, devastating, and destructive storms could or were likely to form while the bus was traveling toward Chicago;

l.   Failing to monitor the weather conditions when it knew or should have known that more dangerous, devastating, and destructive storms were likely to cross the route on which the bus was traveling;

m.  Failing to exercise ordinary care in the operation of the Charter Bus.

**ANSWER:**   **Defendant PJ Luxury denies the allegations of Paragraph 87a.**
**Defendant PJ Luxury denies the allegations of Paragraph 87b.**
**Defendant PJ Luxury denies the allegations of Paragraph 87c.**
**Defendant PJ Luxury denies the allegations of Paragraph 87d.**
**Defendant PJ Luxury denies the allegations of Paragraph 87e.**
**Defendant PJ Luxury denies the allegations of Paragraph 87f.**
**Defendant PJ Luxury denies the allegations of Paragraph 87g.**
**Defendant PJ Luxury denies the allegations of Paragraph 87h.**
**Defendant PJ Luxury denies the allegations of Paragraph 87i.**
**Defendant PJ Luxury denies the allegations of Paragraph 87j.**
**Defendant PJ Luxury denies the allegations of Paragraph 87k.**
**Defendant PJ Luxury denies the allegations of Paragraph 87l.**
**Defendant PJ Luxury denies the allegations of Paragraph 87m.**

88.   As a direct and proximate result of one or more of the foregoing acts or omissions by Defendant, PJ LUXURY LINER, LLC individually and/or by and through its agents and/or employees, including SAMUEL PARKS, JR. and JAMEEL ABDULLATEEF, and/or as an agent and/or employee of NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, and/or as an agent and/or employee of QUINTESSENCE TRAVELS LLC, and each of them,

Plaintiff, TRINITI NELSON, suffered injuries of personal, physical and pecuniary nature; has endured and will in the future endure pain and suffering and emotional distress; has incurred and will in the future incur medical expenses and other related expenses; has become disfigured; has suffered a loss of the enjoyment of a normal life; has become disabled; and was deprived of the capacity to earn a living.

**ANSWER:** **Defendant PJ Luxury denies the allegations of Paragraph 88.**

WHEREFORE Defendant, PJ LUXURY LINER, LLC, prays this Honorable Court enter judgment in its favor and against Plaintiff as to Count I, that it recover its costs of suit, and for any and other such relief this Court deems necessary, just, and proper under the circumstances.

## DEFENDANTS DEMAND TRIAL BY JURY

## COUNT II – SAMUEL PARKS, JR.

1-85. Plaintiff restates and reincorporates by reference paragraphs 1-85 of Common Allegations as if fully set forth herein as paragraphs 1 through 85 of Count II.

**ANSWER:** **Defendant restates and reincorporates by reference his answers to Paragraphs 1-85 as if fully set forth herein.**

86. On March 31, 2023, and at all times relevant, SAMUEL PARKS, JR. owed TRINITI NELSON the highest duty of care as a common carrier.

**ANSWER:** **Defendant Parks admits only that he owed those duties imposed by law and denies any remaining inconsistent allegations of Paragraph 86.**

87. On March 31, 2023, and at all times relevant, Defendant, SAMUEL PARKS, JR., individually and/or by and through his agents and/or employees, including PJ LUXURY LINER, LLC and JAMEEL ABDULLATEEF, and/or as an agent and/or employee of NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, and/or as an agent and/or employee of QUINTESSENCE TRAVELS LLC, and each of them, was then and there negligent in one or more of the following respects:

17

a. Carelessly operating the Charter Bus in a manner that caused TRINITI NELSON to be injured; or

b. Failing to properly train and supervise JAMEEL ABDULLATEEF in the safe operation of a Charter Bus; or

c. Failing to maintain reasonable control over the Charter Bus; or

d. Failing to stop the Charter Bus prior to encountering the severe weather; or

e. Failing to warn the Charter Bus driver, JAMEEL ABDULLATEEF about the severe weather; or

f. Driving the Charter Bus into an area where there was an active tornado; or

g. Failing to pull over the Charter Bus in an area of safety as required by human care, skill and foresight; or

h. Knew or should have known that the geographical area had inclement weather and tornadoes for several hours that day; or

i. Knew or should have known of the extreme danger the bus passengers were being put in by continuing to travel into the path of the storms; or

j. Failing to monitor the weather conditions; or

k. Failing to monitor the weather conditions when he knew or should have known that more dangerous, devastating, and destructive storms could or were likely to form while the bus was traveling toward Chicago; or

l. Failing to monitor the weather conditions when he knew or should have known that more dangerous, devastating, and destructive storms were likely to cross the route on which the bus was traveling; or

m. Failing to exercise ordinary care in the operation of the Charter Bus.

**ANSWER:**     **Defendant Parks denies the allegations of Paragraph 87a.**
**Defendant Parks denies the allegations of Paragraph 87b.**
**Defendant Parks denies the allegations of Paragraph 87c.**
**Defendant Parks denies the allegations of Paragraph 87d.**
**Defendant Parks denies the allegations of Paragraph 87e.**
**Defendant Parks denies the allegations of Paragraph 87f.**
**Defendant Parks denies the allegations of Paragraph 87g.**
**Defendant Parks denies the allegations of Paragraph 87h.**
**Defendant Parks denies the allegations of Paragraph 87i.**
**Defendant Parks denies the allegations of Paragraph 87j.**
**Defendant Parks denies the allegations of Paragraph 87k.**
**Defendant Parks denies the allegations of Paragraph 87l.**
**Defendant Parks denies the allegations of Paragraph 87m.**

88.     As a direct and proximate result of one or more of the foregoing acts or omissions by Defendant, SAMUEL PARKS, JR., individually and/or by and through his agents and/or employees, including PJ LUXURY LINER, LLC and JAMEEL ABDULLATEEF, and/or as an agent and/or employee of NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, and/or as an agent and/or employee of QUINTESSENCE TRAVELS LLC, and each of them, Plaintiff, TRINITI NELSON, suffered injuries of personal, physical and pecuniary nature; has endured and will in the future endure pain and suffering and emotional distress; has incurred and will in the future incur medical expenses and other related expenses; has become disfigured; has suffered a loss of the enjoyment of a normal life; has become disabled; and was deprived of the capacity to earn a living.

**ANSWER:**     Defendant Parks denies the allegations of Paragraph 88.

WHEREFORE Defendant, SAMUEL PARKS, JR., prays this Honorable Court enter judgment in his favor and against Plaintiff as to Count II, that he recover his costs of suit, and for any and other such relief this Court deems necessary, just, and proper under the circumstances.

**DEFENDANT DEMANDS TRIAL BY JURY**

**COUNT III – JAMEEL ABDULLATEEF**

1-85.   Plaintiff restates and reincorporates by reference paragraphs 1-85 of Common Allegations as if fully set forth herein as paragraphs 1 through 85 of Count III.

**ANSWER:**     **Defendant Abdullateef restates and reincorporates by reference his answers to Paragraphs 1-85 of Common Allegations as if fully set forth herein.**

86.     On March 31, 2023, and at all times relevant, JAMEEL ABDULLATEEF owed TRINITI NELSON the highest duty of care as a common carrier.

**ANSWER:**     **Defendant Abdullateef admits only that he owed those duties imposed by law and denies any remaining inconsistent allegations of Paragraph 86.**

87.     On March 31, 2023, and at all times relevant, Defendant, JAMEEL ABDULLATEEF, individually and/or as an agent and/or employee of PJ LUXURY LINER, LLC, SAMUEL PARKS, JR. NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, and/or QUINTESSENCE TRAVELS LLC, and each of them, was then and there negligent in one or more of the following respects:

a.  Carelessly operating the Charter Bus in a manner that caused TRINITI NELSON to be injured; or

b.  Failing to be properly trained in the safe operation of a Charter Bus; or

c.  Failing to maintain reasonable control over the Charter Bus; or

d.  Failing to stop the Charter Bus prior to encountering the severe weather; or

e.  Driving the Charter Bus into an area where there was an active tornado; or

f.  Failing to pull over the Charter Bus in an area of safety as required by human care, skill and foresight; or

g.  Knew or should have known that the geographical area had inclement weather and tornadoes for several hours that day; or

h.  Knew or should have known of the extreme danger the bus passengers were being put in by continuing to travel into the path of the storms; or

i.  Failing to monitor the weather conditions; or

j.  Failing to monitor the weather conditions when he knew or should have known that more dangerous, devastating, and destructive storms could or were likely to form while the bus was traveling toward Chicago;

k.  Failing to monitor the weather conditions when he knew or should have known that more dangerous, devastating, and destructive storms were likely to cross the route on which the bus was traveling;

l.  Failing to exercise ordinary care in the operation of the Charter Bus.

**ANSWER:**    **Defendant Abdullateef denies the allegations of Paragraph 87a.**
**Defendant Abdullateef denies the allegations of Paragraph 87b.**
**Defendant Abdullateef denies the allegations of Paragraph 87c.**
**Defendant Abdullateef denies the allegations of Paragraph 87d.**
**Defendant Abdullateef denies the allegations of Paragraph 87e.**
**Defendant Abdullateef denies the allegations of Paragraph 87f.**
**Defendant Abdullateef denies the allegations of Paragraph 87g.**
**Defendant Abdullateef denies the allegations of Paragraph 87h.**

**Defendant Abdullateef denies the allegations of Paragraph 87i.**
**Defendant Abdullateef denies the allegations of Paragraph 87j.**
**Defendant Abdullateef denies the allegations of Paragraph 87k.**
**Defendant Abdullateef denies the allegations of Paragraph 87l.**

88.     As a direct and proximate result of one or more of the foregoing acts or omissions by Defendant, JAMEEL ABDULLATEEF, individually and/or as an agent and/or employee of PJ LUXURY LINER, LLC, SAMUEL PARKS, JR., NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, and/or QUINTESSENCE TRAVELS LLC and each of them, and each of them, Plaintiff, TRINITI NELSON, suffered injuries of personal, physical and pecuniary nature; has endured and will in the future endure pain and suffering and emotional distress; has incurred and will in the future incur medical expenses and other related expenses; has become disfigured; has suffered a loss of the enjoyment of a normal life; has become disabled; and was deprived of the capacity to earn a living.

**ANSWER:**    **Defendant Abdullateef denies the allegations of Paragraph 88.**

WHEREFORE Defendant, JAMEEL ABDULLATEEF, prays this Honorable Court enter judgment in his favor and against Plaintiff as to Count III, that he recover his costs of suit, and for any and other such relief this Court deems necessary, just, and proper under the circumstances.

**DEFENDANTS DEMAND TRIAL BY JURY**

**COUNT IV – NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK**

Count IV is not directed towards Defendants PJ LUXURY LINER, LLC, SAMUEL PARKS, JR. and JAMEEL ABDULLATEEF, and therefore Defendants PJ LUXURY LINER, LLC, SAMUEL PARKS, JR. and JAMEEL ABDULLATEEF, make no response thereto.

**COUNT V - QUINTESSENCE TRAVELS LLC**

Count V is not directed towards Defendants PJ LUXURY LINER, LLC, SAMUEL PARKS, JR. and JAMEEL ABDULLATEEF, and therefore Defendants PJ LUXURY LINER, LLC, SAMUEL PARKS, JR. and JAMEEL ABDULLATEEF, make no response thereto.

**FIRST AFFIRMATIVE DEFENSE – CONTRIBUTORY NEGLIGENCE**

NOW COME the Defendants, PJ LUXURY LINER, LLC, SAMUEL PARKS, JR. and JAMEEL ABDULLATEEF, by their attorneys, THE CHARTWELL LAW OFFICES, LLP, and for their First Affirmative Defense to the Plaintiff's Complaint, states:

1.     Plaintiff, TRINITI NELSON, has filed a Complaint against these Defendants alleging that negligence on the part of these Defendants caused injuries to the Plaintiff.

2.     Defendants deny these allegations and persist in those denials.

3.     Plaintiff, TRINITI NELSON, had a duty before and at the time of the occurrence to exercise reasonable and ordinary care and breached that duty and failed to exercise ordinary care for her safety and her failure to exercise due care and caution constitutes contributory negligence.

4.     These defendants claim that Plaintiff, TRINITI NELSON, was contributorily negligent in one or more of the following respects:

(a)     Failed to monitor the weather conditions;

(b)     Failed to monitor the weather conditions when she knew or should have known that severe storms were in the area moving in a northeasterly direction;

(c)     Failed to monitor the weather conditions when she knew or should have known that severe storms were likely to form while she travelled on the Charter Bus to Chicago;

(d)     Failed to monitor the weather conditions when she knew or should have known that storms were likely to cross the route on which she was travelling;

(e)    Knew or should have known that the area she was travelling in had inclement weather and tornadoes for several hours prior to her boarding the Charter Bus;

(f)    Was otherwise careless or negligent in the operation of her vehicle.

5.    Plaintiff, TRINITI NELSON's contributory negligence was the proximate cause of Plaintiff's claimed damages and these Defendants request that the total amount of damage to which they would otherwise be entitled be reduced in proportion to the total amount and extent of her comparative negligence.  In the event that plaintiff, TRINITI NELSON's conduct is deemed to be more than fifty percent (50%) of the total responsibility for this incident, plaintiffs' Complaint should be dismissed and any judgment for money damages should be declared for naught and judgment be entered in favor of these Defendants.

WHEREFORE the Defendants, PJ LUXURY LINER, LLC, SAMUEL PARKS, JR. and JAMEEL ABDULLATEEF, pray that judgment be entered in their favor on their First Affirmative Defense and that they be awarded their costs of suit.

## DEFENDANTS DEMANDS TRIAL BY JURY

## SECOND AFFIRMATIVE DEFENSE – ASSUMPTION OF RISK

NOW COME the Defendants, PJ LUXURY LINER, LLC, SAMUEL PARKS, JR. and JAMEEL ABDULLATEEF, by their attorneys, THE CHARTWELL LAW OFFICES, LLP, and for their Second Affirmative Defense to the Plaintiff's Complaint, states:

1.    Plaintiff TRINITI NELSON has filed a Complaint against these Defendants alleging that negligence on the part of these Defendants caused her injuries.

2.    Defendants deny these allegations and persist in those denials.

3.    Plaintiff TRINITI NELSON knew of the dangers and/or hazards of electing to ride in a charter bus while proceeding northbound on Interstate 57 due to the presence of severe weather and elected to ride as a passenger in said charter bus knowing of said dangers and hazards.

23

4.      Notwithstanding her knowledge and appreciation of the risk, Plaintiff TRINITI NELSON nonetheless chose to ride as a passenger on the charter bus while proceeding northbound on Interstate 57 and thereby voluntarily assumed the risk of any injuries associated with encountering severe weather and dangerous conditions.

5.      As a result of the foregoing, Plaintiff TRINITI NELSON caused, in whole or in part, the damages for which she seeks by assuming the risk of injury and damage by electing to ride as a passenger on the charter bus while proceeding northbound on Interstate 57 and electing to encounter the severe weather conditions.

6.      As a direct and proximate result of the assumption of risk by Plaintiff TRINITI NELSON, TRINITI NELSON sustained the alleged damages for which she seeks relief in the Complaint.

7.      The assumption of risk of Plaintiff TRINITI NELSON is to such an extent as to be in excess of 50% which bars her from recovering for any damages or, in the alternative, requires any recovery by Plaintiff TRINITI NELSON to be reduced in proportion to the amount of fault attributable to Plaintiff TRINITI NELSON.

WHEREFORE the Defendants, PJ LUXURY LINER, LLC, SAMUEL PARKS, JR. and JAMEEL ABDULLATEEF, pray that judgment be entered in their favor on their Second Affirmative Defense to Counts I through III of Plaintiff's Complaint, and that they be awarded their costs of suit.

**DEFENDANTS DEMANDS TRIAL BY JURY**

**THIRD AFFIRMATIVE DEFENSE – ACT OF GOD**

NOW COME the Defendants, PJ LUXURY LINER, LLC, SAMUEL PARKS, JR. and JAMEEL ABDULLATEEF, by their attorneys, THE CHARTWELL LAW OFFICES, LLP, and for their Third Affirmative Defense to the Plaintiff's Complaint, states:

1.      Acts of God are, by definition, not foreseeable.

2.      The tornado complained of in Plaintiff's Complaint was an Act of God.

3.      The fact that the tornado struck the Charter Bus on which Plaintiff was allegedly a passenger on was an Act of God.

4.      Neither the storm, tornado, direction, strength or the overturning of the Charter Bus were foreseeable.

5.      These Defendants are not liable of their alleged breach was unforeseeable.

6.      Plaintiff's injuries, if any, were caused by an unforeseeable Act of God.

WHEREFORE the Defendants, PJ LUXURY LINER, LLC, SAMUEL PARKS, JR. and JAMEEL ABDULLATEEF, pray that judgment be entered in their favor on their Third Affirmative Defense and that they be awarded their costs of suit.

**DEFENDANTS DEMANDS TRIAL BY JURY**

**<u>CROSSCLAIM FOR CONTRIBUTION</u>**
**<u>PJ Luxury Liner, LLC, Samuel Parks, Jr. and Jameel Abdullateef v. National Railroad Passenger Corporation d/b/a Amtrak</u>**

NOW COME the Defendants, PJ LUXURY LINER, LLC, SAMUEL PARKS, JR. and JAMEEL ABDULLATEEF, by their attorney, Matthew S. Hefflefinger of THE CHARTWELL LAW OFFICES, LLP, and for their Crossclaim for Contribution, states as follows:

1.      On and prior to March 31, 2023, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK (hereinafter "Amtrak") was a District of Columbia company, authorized to do business in the County of Champaign, State of Illinois.

2.      On and prior to March 31, 2023, Amtrak was a for-profit corporation organized under the laws of the District of Columbia.

3.      On and prior to March 31, 2023, Amtrak operated intercity passenger rail services throughout the United States, including the State of Illinois.

25

4.     On or about March 31, 2023, Amtrak was a common carrier.

5.     On or about March 31, 2023, Amtrak had a statutory and common law duty to ensure that no harm came to its passengers.

6.     On or about March 31, 2023, and at all times material, JAMEEL ABDULLATEEF was an agent and/or employee of AMTRAK.

7.     On or about March 31, 2023, and at all times material, JAMEEL ABDULLATEEF was acting within the course of his agency and/or employment with Defendant AMTRAK.

8.     On or about March 31, 2023, and at all times material, JAMEEL ABDULLATEEF was acting within the scope of his agency and/or employment with Defendant AMTRAK.

9.     On or about March 31, 2023, and at all times material, SAMUEL PARKS, JR was an agent and/or employee of AMTRAK.

10.     On or about March 31, 2023, and at all times material, SAMUEL PARKS, JR. was acting within the course of his agency and/or employment with Defendant AMTRAK.

11.     On or about March 31, 2023, and at all times material, SAMUEL PARKS, JR. was acting within the scope of his agency and/or employment with Defendant AMTRAK.

12.     On or about March 31, 2023, and at all times material, PJ LUXURY LINER, LLC was an agent and/or employee of AMTRAK.

13.     On or about March 31, 2023, and at all times material, PJ LUXURY LINES, LLC was acting within the course of its agency and/or employment with Defendant AMTRAK.

14.     On or about March 31, 2023, and at all times material, PJ LUXURY LINES, LLC was acting within the scope of its agency and/or employment with Defendant AMTRAK.

15.     On or about March 31, 2023, Amtrak was scheduled to operate Train No. 392 with service between Champaign-Urbana, Illinois and Chicago, Illinois.

16.     On or about March 31, 2023, Amtrak Train No. 392 was scheduled to depart the Champaign-Urbana Amtrak Station at 7:08 p.m. and was scheduled to arrive at Chicago Union Station at 9:45 p.m.

17.     On or prior to March 31, 2023, Plaintiff, TRINITI NELSON purchased a train ticket from Amtrak intending to travel from Champaign-Urbana, Illinois to Chicago, Illinois on Amtrak Train No. 392.

18.     On March 31, 2023, and at all times relevant, Amtrak owed the highest duty of care as a common carrier.

19.     On March 31, 2023, Amtrak Train No. 392 suffered mechanical failures and was unable to operate.

20.     On or about March 31, 2023, Amtrak cancelled the scheduled train, namely Amtrak Train No. 392.

21.     On or about March 31, 2023, Amtrak contacted Quintessence Travels, LLC to obtain charter buses to transport Amtrak passengers formerly scheduled to travel on Amtrak Train No. 392 to Chicago, Illinois, including the 2015 Van Hool 56 passenger Charter bus with VIN YE2XC22B2F3048550.

22.     On or about March 31, 2023, Amtrak, individually and/or by and through its agents and/or employees, directed passengers formerly scheduled to travel on Amtrak Train No. 392 to board charter buses, including the 2015 Van Hool 56 passenger Charter Bus with VIN YE2XC22B2F3048550 operated by Defendant, Jameel Abdullateef.

23.     On or about March 31, 2023 at approximately 7:00 p.m., Amtrak, individually and/or by and through its agents and/or employees, directed the charter buses, including the 2015 Van Hool 56 passenger Charger Bus with VIN YE2XC22B2F30485502015 operated by Defendant, Jameel Abdullateef, to depart from the Champaign-Urbana Train Amtrak Station.

27

24.     On March 29, 2023 through March 31, 2023, meteorologists warned of potentially severe weather in the Champaign County area on March 31, 2023.

25.     On or about March 31, 2023, at approximately 7:00-7:06 p.m., a tornado was spotted in Christian County, Illinois.

26.     On or about March 31, 2023, at approximately 7:20 p.m., a tornado warning was in effect for parts of Champaign, Piatt, DeWitt and McLean Counties until 7:45 p.m.

27.     On or about March 31, 2023, at approximately 7:43 p.m., the National Weather Service reported a large and extremely dangerous tornado confirmed in Ludlow, Rantoul and Paxton, Illinois.

28.     On March 29, 2023 through March 31, 2023, Amtrak knew of the meteorologist warned potential severe weather in the Champaign County area on March 31, 2023.

29.     On or about March 31, 2023, Amtrak knew of a tornado spotting in Christian County, Illinois.

30.     On or about March 31, 2023, Amtrak knew of a tornado warning in effect for parts of Champaign, Piatt, DeWitt and McLean Counties.

31.     Notwithstanding the foregoing duties, AMTRAK was negligent in one or more of the following respects:

   (a)   Failed to stop the Charter Bus from leaving the Champaign-Urbana Amtrak station prior to encountering inclement weather;

   (b)   Failed to warn Jameel Abdullateef and passengers aboard the Charter Bus about the severe weather in the area;

   (c)   Failed to warn Jameel Abdullateef and passengers aboard the Charter Bus of the tornado which was spotted in Christian County;

   (d)   Failed to warn Jameel Abdullateef and passengers aboard the Charter Bus of the tornado warning issued for Champaign County, Illinois;

   (e)   Knew or should have known that the geographical area had inclement weather and tornadoes for several hours on March 31, 2023;

28

(f)   Knew or should have known of the extreme danger the bus passengers were being put in by continuing to travel into the path of the storms;

(g)   Failed to monitor the weather conditions;

(h)   Failed to monitor the weather conditions when it knew or should have known that storms could or were likely to form while the Charter Bus was travelling towards Chicago;

(i)   Failed to monitor the weather conditions when it knew or should have known that storms were likely to cross the route on which the Charter Bus was travelling;

(j)   Failed to ensure that its agent and/or employees took the utmost care required of a common carrier;

(k)   Failed to ensure that its agents and/or employees were aware of the severe weather in the area;

(l)   Failed to ensure that its agents and/or employees were aware of the severe weather forecast;

(m)   Failed to stop or delay the Charter Bus from departing from Champaign-Urbana Amtrak station when it knew or should have known of inclement weather in the area;

(n)   Was otherwise careless or negligent.

WHEREFORE, Defendants/Crossclaim Plaintiffs, PJ LUXURY LINER, LLC, SAMUEL PARKS, JR., and JAMEEL ABDULLATEEF, respectfully request that they be granted judgement against Crossclaim Defendant, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, in an amount commensurate with NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK's *pro rata* share of fault in causing the injuries and damages allegedly suffered by Plaintiff, and for such further relief as this Court deems appropriate.

**DEFENDANTS DEMANDS TRIAL BY JURY**

**CROSSCLAIM FOR CONTRIBUTION**
**PJ Luxury Liner, LLC, Samuel Parks, Jr. and Jameel Abdullateef v. Quintessence Travels, LLC**

NOW COME the Defendants, PJ LUXURY LINER, LLC, SAMUEL PARKS, JR. and JAMEEL ABDULLATEEF, by their attorney, Matthew S. Hefflefinger of THE CHARTWELL LAW OFFICES, LLP, and for their Crossclaim for Contribution, states as follows:

1.      On and prior to March 31, 2023, QUINTESSENCE TRAVELS, LLC (hereinafter "Quintessence") was an Illinois Limited Liability Company, authorized to do business in the County of Champaign, State of Illinois.

2.      On and prior to March 31, 2023, Quintessence was a for-profit limited liability company organized under the laws of the State of Illinois.

3.      On and prior to March 31, 2023, Quintessence operated Charter bus travel and transportation services throughout the State of Illinois.

4.      On or about March 31, 2023, Quintessence was a common carrier.

5.      On or about March 31, 2023, Quintessence had a statutory and common law duty to ensure that no harm came to its passengers.

6.      On or about March 31, 2023, and at all times material, JAMEEL ABDULLATEEF was an agent and/or employee of QUINTESSENCE.

7.      On or about March 31, 2023, and at all times material, JAMEEL ABDULLATEEF was acting within the course of his agency and/or employment with Defendant QUINTESSENCE.

8.      On or about March 31, 2023, and at all times material, JAMEEL ABDULLATEEF was acting within the scope of his agency and/or employment with Defendant QUINTESSENCE.

9.      On or about March 31, 2023, and at all times material, SAMUEL PARKS, JR was an agent and/or employee of QUINTESSENCE.

10.     On or about March 31, 2023, and at all times material, SAMUEL PARKS, JR. was acting within the course of his agency and/or employment with Defendant QUINTESSENCE.

11.     On or about March 31, 2023, and at all times material, SAMUEL PARKS, JR. was acting within the scope of his agency and/or employment with Defendant QUINTESSENCE.

12.     On or about March 31, 2023, and at all times material, PJ LUXURY LINER, LLC was an agent and/or employee of QUINTESSENCE.

13.     On or about March 31, 2023, and at all times material, PJ LUXURY LINES, LLC was acting within the course of its agency and/or employment with Defendant QUINTESSENCE.

14.     On or about March 31, 2023, and at all times material, PJ LUXURY LINES, LLC was acting within the scope of its agency and/or employment with Defendant QUINTESSENCE.

15.     On or about March 31, 2023, Amtrak was scheduled to operate Train No. 392 with service between Champaign-Urbana, Illinois and Chicago, Illinois.

16.     On or about March 31, 2023, Amtrak Train No. 392 was scheduled to depart the Champaign-Urbana Amtrak Station at 7:08 p.m. and was scheduled to arrive at Chicago Union Station at 9:45 p.m.

17.     On or prior to March 31, 2023, Plaintiff, TRINITI NELSON purchased a train ticket from Amtrak intending to travel from Champaign-Urbana, Illinois to Chicago, Illinois on Amtrak Train No. 392.

18.     On March 31, 2023, and at all times relevant, Quintessence owed the highest duty of care as a common carrier.

19.     on March 31, 2023, Amtrak Train No. 392 suffered mechanical failures and was unable to operate.

20.     On or about March 31, 2023, Amtrak cancelled the scheduled train, namely Amtrak Train No. 392.

21.     On or about March 31, 2023, Amtrak contacted QUINTESSENCE to obtain charter buses to transport Amtrak passengers formerly scheduled to travel on Amtrak Train No. 392 to

Chicago, Illinois, including the 2015 Van Hool 56 passenger Charter bus with VIN YE2XC22B2F3048550.

22.     On or about March 31, 2023, QUINTESSENCE contacted Samuel Parks, Jr. and/or PJ Luxury Liner, LLC to obtain charter buses to transport Amtrak passengers formerly scheduled to travel on Amtrak Train No. 392 to Chicago, Illinois, including the 2015 Van Hool 56 passenger Charter bus with VIN YE2XC22B2F3048550.

23.     On or about March 31, 2023, Amtrak and/or Quintessence, individually and/or by and through its agents and/or employees, directed passengers formerly scheduled to travel on Amtrak Train No. 392 to board charter buses, including the 2015 Van Hool 56 passenger Charter Bus with VIN YE2XC22B2F3048550 operated by Defendant, Jameel Abdullateef.

24.     On or about March 31, 2023, at approximately 7:00 p.m., Amtrak and/or Quintessence, individually and/or by and through its agents and/or employees, directed the charter buses, including the 2015 Van Hool 56 passenger Charger Bus with VIN YE2XC22B2F30485502015 operated by Defendant, Jameel Abdullateef, to depart from the Champaign-Urbana Train Amtrak Station.

25.     On March 29, 2023 through March 31, 2023, meteorologists warned of potentially severe weather in the Champaign County area on March 31, 2023.

26.     On or about March 31, 2023, at approximately 7:00-7:06 p.m., a tornado was spotted in Christian County, Illinois.

27.     On or about March 31, 2023, at approximately 7:20 p.m., a tornado warning was in effect for parts of Champaign, Piatt, DeWitt and McLean Counties until 7:45 p.m.

28.     On or about March 31, 2023, at approximately 7:43 p.m., the National Weather Service reported a large and extremely dangerous tornado confirmed in Ludlow, Rantoul and Paxton, Illinois.

32

29. On March 29, 2023 through March 31, 2023, Quintessence knew of the meteorologist warned potential severe weather in the Champaign County area on March 31, 2023.

30. On or about March 31, 2023, Quintessence knew of a tornado spotting in Christian County, Illinois.

31. On or about March 31, 2023, Quintessence knew of a tornado warning in effect for parts of Champaign, Piatt, DeWitt and McLean Counties.

32. Notwithstanding the foregoing duties, QUINTESSENCE was negligent in one or more of the following respects:

    (a)    Failed to stop the Charter Bus from leaving the Champaign-Urbana Amtrak station prior to encountering inclement weather;

    (b)    Failed to warn Jameel Abdullateef and passengers aboard the Charter Bus about the severe weather in the area;

    (c)    Failed to warn Jameel Abdullateef and passengers aboard the Charter Bus of the tornado which was spotted in Christian County;

    (d)    Failed to warn Jameel Abdullateef and passengers aboard the Charter Bus of the tornado warning issued for Champaign County, Illinois;

    (e)    Knew or should have known that the geographical area had inclement weather and tornadoes for several hours on March 31, 2023;

    (f)    Knew or should have known of the extreme danger the bus passengers were being put in by continuing to travel into the path of the storms;

    (g)    Failed to monitor the weather conditions;

    (h)    Failed to monitor the weather conditions when it knew or should have known that storms could or were likely to form while the Charter Bus was travelling towards Chicago;

    (i)    Failed to monitor the weather conditions when it knew or should have known that storms were likely to cross the route on which the Charter Bus was travelling;

    (j)    Failed to ensure that its agent and/or employees took the utmost care required of a common carrier;

(k)     Failed to ensure that its agents and/or employees were aware of the severe weather in the area;

(l)     Failed to ensure that its agents and/or employees were aware of the severe weather forecast;

(m)     Failed to stop or delay the Charter Bus from departing from Champaign-Urbana Amtrak station when it knew or should have known of inclement weather in the area;

(n)     Was otherwise careless or negligent.

WHEREFORE, Defendants/Crossclaim Plaintiffs, PJ LUXURY LINER, LLC, SAMUEL PARKS, JR., and JAMEEL ABDULLATEEF, respectfully request that they be granted judgement against Crossclaim Defendant, QUINTESSENCE TRAVELS, LLC, in an amount commensurate with QUINTESSENCE TRAVELS, LLC's *pro rata* share of fault in causing the injuries and damages allegedly suffered by Plaintiff, and for such further relief as this Court deems appropriate.

**DEFENDANT DEMANDS TRIAL BY JURY**

PJ LUXURY LINER, LLC, SAMUEL PARKS, JR., and JAMEEL ABDULLATEEF, Defendants

By: _____
CHARTWELL LAW
Matthew S. Hefflefinger – ARDC No. 6201281

Matthew S. Hefflefinger
CHARTWELL LAW
7707 N. Knoxville Avenue
Suite 201-A
Peoria, IL 61614
Telephone: 309-225-5560
Primary E-service: eservicePeoria@chartwelllaw.com
Secondary E-service: mhefflefinger@chartwelllaw.com
Secondary E-service: janschuetz@chartwelllaw.com

**PROOF OF SERVICE**

   I hereby certify that on July 25, 2024 the foregoing **PJ LUXURY LINER, LLC, SAMUEL PARKS, JR. AND JAMEEL ABDULLATEEF'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AT LAW, AFFIRMATIVE DEFENSES, AND CROSS CLAIMS FOR CONTRIBUTION** was electronically submitted for filing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Larry R. Rogers, Jr.
Jonathan M. Thomas
Power Rogers, LLP
70 W. Madison Street, Suite 5500
Chicago, IL 60602
lrogersjr@powerrogers.com
jthomas@powerrogers.com
slaw@powerrogers.com – Asst. Suzanne Law
***Attorneys for Plaintiff***

Susan K. Laing
Anderson, Rasor & Partners, LLP
150 South Wacker Drive, Suite 350
Chicago, IL 60606
service@arandpartners.com
susan.laing@arandpartners.com
***Attorneys for National Railroad Passenger Corporation d/b/a Amtrak***


       ____/s/ Lynn Leiteritz_____
       Assistant to Matthew S. Hefflefinger


Matthew S. Hefflefinger
CHARTWELL LAW
7707 N. Knoxville Avenue
Suite 201-A
Peoria, IL 61614
Telephone: 309-225-5560
Primary E-service: eservicePeoria@chartwelllaw.com
Secondary E-service: mhefflefinger@chartwelllaw.com
Secondary E-service: janschuetz@chartwelllaw.com